IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

CHARLES GLEN CARVER,                        1:08-cv-00700-LJO-DLB (PC)

       Plaintiff,

                                             FINDINGS AND RECOMMENDATION TO
DISMISS CASE FOR PLAINTIFF'S
vs.                                        FAILURE TO PROSECUTE

ARNOLD SCHWARZENEGGER,

       Defendant.

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

       On May 20, 2008, the court issued a Order of Intradistrict Transfer and served the order on plaintiff.  On June 9, 2008, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable.

       Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

/////

1
2
3
4
5

> If mail directed to a plaintiff <u>in propria</u>
> <u>persona</u> by the Clerk is returned by the U.S.
> Postal Service, and if such plaintiff fails
> to notify the Court and opposing parties
> within sixty (60) days thereafter of a
> current address, the Court may dismiss the
> action without prejudice for failure to
> prosecute.

6  In the instant case, sixty days have passed since plaintiff's

7  mail was returned and he has not notified the court of a current

8  address.

9        In determining whether to dismiss an action for lack of

10 prosecution, the court must consider several factors: (1) the

11 public's interest in expeditious resolution of litigation; (2)

12 the court's need to manage its docket; (3) the risk of prejudice

13 to the defendants; (4) the public policy favoring disposition of

14 cases on their merits; and (5) the availability of less drastic

15 sanctions.  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir.

16 1986); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988).  The court

17 finds that the public's interest in expeditiously resolving this

18 litigation and the court's interest in managing the docket weigh

19 in favor of dismissal, as this case has been pending since April

20 2008.  The court cannot hold this case in abeyance indefinitely

21 based on plaintiff's failure to notify the court of his address.

22 The third factor, risk of prejudice to defendants, also weighs in

23 favor of dismissal, since a presumption of injury arises from the

24 occurrence of unreasonable delay in prosecuting an action.

25 <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The

26 fourth factor -- public policy favoring disposition of cases on

27 their merits -- is greatly outweighed by the factors in favor of

28 dismissal discussed herein.  Finally, given the court's inability

1  to communicate with plaintiff based on plaintiff's failure to
2  keep the court apprised of his current address, no lesser
3  sanction is feasible.

4                          **RECOMMENDATION**

5         Accordingly, the court HEREBY RECOMMENDS that this
6  action be dismissed for plaintiff's failure to prosecute.

7         These findings and recommendations are submitted to the
8  United States District Judge assigned to the case, pursuant to
9  the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty
10 days after being served with these findings and recommendations,
11 any party may file written objections with the court and serve a
12 copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."
14 Any reply to the objections shall be served and filed within ten
15 days after service of the objections.  The parties are advised
16 that failure to file objections within the specified time may
17 waive the right to appeal the District Court's order.  Martinez
18 v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19

20     IT IS SO ORDERED.

21     Dated:   **August 25, 2008**          _____ **/s/ Dennis L. Beck** _____
22                                         UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                   -3-